UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04368-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH LEAVE TO AMEND; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH PREJUDICE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 7 |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has paid the filing fee. Dkt. No. 1.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff has named as defendants the California Department of Corrections and Rehabilitation ("CDCR"), Correctional Training Facility ("CTF"); CTF Warden Craig Koenig; and the following CTF correctional officials: Associate Warden K. Hoffman; appeals examiner K. Z. Allen; appeals coordinator R. Monroy; captain T. Selby; sergeant A. Kuster; sergeant Gregory; sergeant M. McGallon; litigation coordinator E. Galvan; officer A. Hidalgo; food manager Tucker; supervising cook Adams; G. Gash; supervising cook J. Ferguson; lieutenant C. Peaden; sergeant S. Kelley; and mental health staff Miller.

According to the complaint, on August 26, 2019, defendant Ferguson sexually harassed plaintiff by forcing plaintiff's face into his groin and, when plaintiff went to speak to him about it later, again pulling plaintiff's face down to his groin. On August 28, 2019, plaintiff sought medical treatment from defendant Miller for the trauma triggered by this event. Defendant Miller reported the sexual harassment, which initiated a Prison Rape Elimination Act investigation. Plaintiff filed a grievance and several Form 22s (request for services or information) regarding the sexual harassment. The complaint alleges that the manner in which prison correctional officials handled the PREA investigation, his request for medical treatment, his 602, and his Form 22s constituted cruel and unusual punishment in violation of the Eighth Amendment, denied him due

2

process under the Fourteenth Amendment, and constituted state-law claims for negligence, intentional tort, premises liability, assault and battery, and negligent failure to protect. Plaintiff seeks punitive damages (referred to as exemplary damages), compensatory damages, declaratory relief, and injunctive relief in the form of counseling and therapy for plaintiff.

The complaint identifies the following defendants as handling the PREA investigation: defendants Kuster and Kelley. The complaint identifies the following defendants as handling the grievance: defendants Koenig, Kelley, Hoffman, Kuster, and Allen. The complaint identifies the following defendants as handling the Form 22s: defendant Galvan, Adams, and Gash. The complaint identifies the following defendants as handling the staff complaint that arose out of the grievance: defendant Monroy. The complaint does not explain how these defendants' involvement in handling the PREA investigation, plaintiff's 602, and plaintiff's Form 22s violated his constitutional rights or stated the above state-law claims.

The complaint also makes the following additional allegations. Defendant Hidalgo failed to forward plaintiff's September 2, 2019 Form 22 to the appropriate correctional official, in violation of prison regulations. In response to plaintiff's initial reporting of the sexual assault, defendant Miller failed to conduct an adequate psychological examination of plaintiff upon learning of the assault. Specifically, defendant Miller failed to ask plaintiff "necessary questions;" failed to question plaintiff about his childhood history of sexual abuse; failed to ensure that plaintiff's mental health "was within normal limits;" and failed to conduct tests to determine if plaintiff was suffering from immediate psychological trauma. When plaintiff requested mental health services in September 2019, he was seen again by defendant Miller and later by defendant McGallon. Defendants McGallon and Kuster failed to ensure that plaintiff could receive meals without running into defendant Ferguson, resulting in 23 days where plaintiff did not have "proper nutritional meals." The assault left plaintiff in extreme distress, in a non-coherent state, terror-stricken, and panicked. As a result of this emotional state, plaintiff fought with another inmate on November 12, 2019, and received a rules violation report. On March 22, 2020, defendant Ferguson again sexually assaulted plaintiff, this time by rubbing up against plaintiff.

**C.     Legal Claims**

The complaint states a cognizable Eighth Amendment claim and a cognizable state law claim for sexual assault and battery against defendant Ferguson for his sexual assault on plaintiff on August 26, 2019. "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

The remaining claims and defendants are either dismissed with leave to amend or with prejudice as explained below.

### 1. Dismissal with Leave to Amend

The following claims and defendants are dismissed with leave to amend.

#### a) Defendants Koenig and Hoffman

The complaint alleges that defendants Koenig and Hoffman's actions constituted cruel and unusual punishment in violation of the Eighth Amendment, denied him due process under the Fourteenth Amendment, and constituted negligence, premises liability, assault and battery, and negligent failure to protect. Such allegations fail to state a cognizable Section 1983 claim because the claims seek to hold defendants Koenig and Hoffman liable based on their supervisory positions and based on conclusory allegations that they failed to properly investigate the August 26, 2019 incident. To state a claim for relief under Section 1983 against a supervisor defendant, plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations, or that there was a policy that was

4

followed or not followed, are not sufficient to state a claim. *Cf. Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Because it appears possible that plaintiff may be able to correct this deficiency, the Court will dismiss defendants Koenig and Hoffman from this action with leave to amend the claims against them, if plaintiff can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).[1]

### b) Defendants Selby, Gregory, Tucker, and Peaden

Defendants Selby, Gregory, Tucker and Peaden are DISMISSED from this action with leave to amend. The complaint makes no specific allegations against these defendants. These defendants are not linked to specific acts or inactions. The general allegations that these defendants acted wantonly, maliciously, and willfully; that they "conspire[d] to obfuscate malfeasance deliberate failure to properly investigate alleged sexual assault, lacked penological and/or security justification to treat plaintiff in the manner as described;" that they endangered plaintiff, fellow employees and other inmates; and that they violated departmental regulations, *see, e.g.,* Dkt. No. 1 at 27-28, fail to state cognizable claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). If plaintiff chooses to file an amended complaint again names these defendants, plaintiff must identify what each of these defendants did or did not do that directly deprived him of his constitutional rights. *Ramirez*, 334 F.3d at 861 ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (citation and internal quotation marks omitted).

### c) Eighth Amendment Failure-to-Protect Claim

The Eighth Amendment claim that defendants failed to protect plaintiff from sexual assault by defendant Ferguson is DISMISSED with leave to amend. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*,

---

[1] As discussed below, defendants Koenig and Hoffman are not liable with respect to how they handled plaintiff's grievance. Any claims against defendants Koenig and Hoffman arising out of their responses to his grievance are DISMISSED with prejudice.

5

511 U.S. 825, 832 (1994). An Eighth Amendment failure-to-protect claim has two elements: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 825, 835-36 & n.4 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* at 837.

The complaint's vague and conclusory allegations are insufficient to state a failure-to-protect claim. Plaintiff has made no factual allegations from which it can be reasonably inferred that defendants were aware that defendant Ferguson would sexually assault plaintiff. The factual allegations set forth in the complaint concern actions taken by defendants *after* the August 26, 2019 assault. Because it appears that plaintiff may be able to cure this deficiency, the Eighth Amendment failure-to-protect claim is DISMISSED with leave to amend. If plaintiff chooses to file an amended complaint alleging an Eighth Amendment failure-to-protect claim, plaintiff must identify what each defendant did or did not do that meets the elements of an Eighth Amendment failure-to-protect claim; and must make factual allegations from which it can be reasonably inferred that each defendant knew of and disregarded an excessive risk to plaintiff's safety. Plaintiff should not refer to the defendants as a group, but should link each defendant personally to a constitutional violation.

### d) Due Process Claim

The due process claim is DISMISSED with leave to amend. Plaintiff has not identified how his due process rights were violated. *See*, *e.g.*, Dkt. No. 1 at 31-32. The recitation of the elements of a cause of action is insufficient to state a cognizable claim for Section 1983 relief and, as explained in the section below, the failure to follow state or prison regulations does not, generally speaking, result in a due process violation.

To allege a due process claim, plaintiff must allege the deprivation of a protected interest in life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A protected liberty

interest may arise under the Due Process Clause itself or under a state statute or regulation. *Id.* at 221-22. The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. *See Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996) (en banc). Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. *See County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Procedural due process refers to what process is due before a protected liberty interest may be taken away. *See Wilkinson*, 545 U.S. at 224-25.

### e) **Negligence**

Under California law, "[t]he elements of a cause of action for negligence are . . . (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996). As noted above, the factual allegations set forth in the complaint concern actions taken by defendants *after* defendant Ferguson's alleged August 26, 2019 assault, and these actions did not cause the assault. Because it appears that plaintiff may be able to cure this deficiency, the negligence claim is DISMISSED with leave to amend.

### f) **Deprivation of Nutritionally Balanced Meals**

Plaintiff's allegation that he went for 23 days without fully balanced meals because defendant Ferguson was not removed from the area where plaintiff received meals fails to state a cognizable Eighth Amendment claim. The Eighth Amendment imposes duties on correctional officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. As in an Eighth Amendment failure-to-protect claim, two requirements must be met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834, and (2) the prison official possesses a sufficiently culpable state of mind, *id.* Here, defendants cannot be held liable under the Eighth Amendment for plaintiff going without fully balanced nutritional meals unless each defendant was aware of facts from which the inference could be drawn that plaintiff was at substantial risk of serious harm when he was forced to obtain his meals from an area where defendant Ferguson worked, and drew that conclusion. It is also unclear how defendant

Ferguson's presence in the kitchen area prevented plaintiff from safely receiving his meals, and how this resulted in meals that were not nutritionally balanced. Because it appears that plaintiff may be able to cure this deficiency, this claim is DISMISSED with leave to amend. If plaintiff chooses to file an amended complaint regarding the denial of nutritionally balanced meals, plaintiff must identify what each defendant did or did not do that meets the elements of an Eighth Amendment claim.

### 2. Dismissal with Prejudice

The following claims are dismissed with prejudice.

#### a) CDCR and CTF

Defendants CDCR and CTF are DISMISSED from this action with prejudice because the Eleventh Amendment bars suits against a state and its agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act).

#### b) Defendants Kuster, Kelley, Allen, Galvan, Adams, Gash, Monroy, Koenig, and Hoffman

Defendants Kuster, Kelley, Allen, Galvan, Adams, Gash, and Monroy are DISMISSED from this action with prejudice. Their only involvement with respect to Ferguson's alleged sexual harassment is their roles in processing the grievance/staff complaint, the PREA investigation, and/or the Form 22s. A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Therefore, a prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative

1 complaint does not cause or contribute to constitutional violation). Similarly, the failure to follow
2 prison regulations when handling a grievance, staff complaint, Form 22, or PREA investigation
3 also does not state a cognizable Section 1983 claim. Accordingly, the claims against defendants
4 Kuster, Kelley, Allen, Galvan, Adams, Gash, and Monroy are DISMISSED with prejudice
5 because amendment would be futile, and defendants Kuster, Kelley, Allen, Galvan, Adams, Gash,
6 and Monroy are DISMISSED from this action. *Ramirez*, 334 F.3d at 861 ("Leave to amend
7 should be granted unless the pleading could not possibly be cured by the allegation of other facts,
8 and should be granted more liberally to *pro se* plaintiffs.") (citation and internal quotation marks
9 omitted).

Defendants Koenig and Hoffman are also not liable with respect to how they handled plaintiff's grievance. Any claims against defendants Koenig and Hoffman arising out of their responses to his grievance are DISMISSED with prejudice.

### c) **Failure to Follow State or Prison Regulations**

The complaint's claims that defendants failed to follow state or prison regulations fails to state a cognizable § 1983 claim and are DISMISSED with prejudice. State regulations that merely provide procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Accordingly, the claim against defendant Hidalgo for failing to forward plaintiff's mail or complaint in accordance with prison regulations is DISMISSED with prejudice. Because there are no other claims against defendant Hidalgo, defendant Hidalgo is DISMISSED from this action.

### d) **Premises Liability**

The complaint fails to state a premises liability claim. A premises liability claim seeks relief for harm caused by negligent use or maintenance of a property. *Carter v. Nat'l R.R. Passenger Corp.*, 63 F.Supp.3d 1118, 1144 (N.D. Cal. 2014) (to state a premises liability claim, the plaintiff must allege 'that the defendant owned or controlled the property, that the defendant was negligent in the use or maintenance of the property, that the plaintiff was harmed, and that the

9

1  defendant's negligence was a substantial factor in causing the harm").  Plaintiff is seeking relief
2  for harm caused by defendant Ferguson's actions, and seeking to hold defendant Ferguson's
3  supervisors and employers liable for this harm.  The premises liability claim is DISMISSED
4  without leave to amend.

### D.  Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel on the following grounds: he is unable to afford counsel; the issues and facts involved are complex; plaintiff has limited access to the law library due to COVID-19; plaintiff has unsuccessfully attempted to engage pro bono counsel; plaintiff has a limited knowledge of the law and no legal education; the case involves mental health issues that may require expert testimony; the case will require document discovery and depositions of numerous witnesses; there is likely to be conflicting testimony; and plaintiff's claims, if proven, would establish a constitutional violation.  Dkt. No. 7.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Serv.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*

Plaintiff has thus far ably articulated his claims *pro se* and the issues presented are not unduly complex.  Plaintiff's request for appointment of counsel is therefore DENIED for lack of

exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.  Dkt. No. 7.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the complaint states a cognizable Eighth Amendment claim and a cognizable state law claim for sexual assault and battery against defendant Ferguson for his alleged sexual assault on plaintiff on August 26, 2019.

2. Defendants Koenig, Hoffman, Selby, Gregory, Tucker and Peaden are DISMISSED from this action with leave to amend the claims against them.  The following claims are DISMISSED with leave to amend: the Eighth Amendment failure-to-protect claim; the due process claim; the negligence claim; and the claim that plaintiff was deprived of nutritionally balanced meals.

3. Defendants CDCR, CTF, Kuster, Kelley, Allen, Galvan, Adams, Gash, Monroy, and Hidalgo are DISMISSED from this action with prejudice.  The following claims are DISMISSED with prejudice: premises liability; any claims arising out of the handling of grievance, the Form 22, and the PREA investigation; and any claims alleging a failure to follow state regulations.

4. Plaintiff's request for appointment of counsel is DENIED.  Dkt. No. 7.

5. If plaintiff wishes to file an amended complaint, he shall do so within **twenty-eight (28) days** of the date of this order.  The amended complaint must include the caption and civil case number used in this order, Case No. C 20-04368 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present, including the claims already found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered serve below.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the

11

previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in the complaint docketed at Dkt. No. 1 remaining the operative complaint and the dismissal of defendants Broomfield and Davis.

6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendant J. Ferguson at Correctional Training Facility, at Soledad Prison Road, Soledad CA 93960**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

7. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

---

[2] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

12

    c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  8. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  9. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

  10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

1    11.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

12.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 9/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge