UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG KOENIG, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04368-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 14 |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 14) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

Plaintiff has named as defendants CTF Warden Craig Koenig; CTF Associate Warden K. Hoffman; CTF captain T. Selby; CTF lieutenant C. Peaden; CTF sergeant M. McGallon; CTF food manager Tucker; CTF supervising cook J. Ferguson; and CTF mental health staff Miller. *See* Dkt. No. 14 at 2.  In the body of his amended complaint, Plaintiff also identifies CTF officer R. Gregory as a defendant.  Dkt. No. 14 at 6, 8, 10-11.

The amended complaint makes the following allegations.

On August 26, 2019, defendant CTF supervising cook Ferguson sexually harassed Plaintiff by forcing Plaintiff's face into his groin and, when Plaintiff went to speak to him about it later, again pulling Plaintiff's face down to his groin.

On August 28, 2019, Plaintiff sought medical treatment from defendant Miller for the trauma triggered by the harassment.  Defendant Miller reported the harassment and initiated a Prison Rape Elimination Act investigation.  However, defendant Miller failed to conduct an adequate psychological examination of Plaintiff.  Specifically, defendant Miller failed to ask Plaintiff "necessary questions;" failed to question plaintiff about his childhood history of sexual abuse; failed to ensure that Plaintiff's mental health "was within normal limits;" and failed to conduct tests to determine if Plaintiff was suffering from immediate psychological trauma.

Defendants McGallon and Gregory failed to ensure that Plaintiff could receive meals

without running into defendant Ferguson either by having Plaintiff placed on confined-to-quarters ("CTQ") status or by having Plaintiff's meals served to him in his cell. As a result, Plaintiff went for 23 days without having "proper nutritional meals."

On November 12, 2019, as a result of the extreme distress caused by the sexual harassment, Plaintiff got into a fight with another inmate and received a rules violation report for the fight.

On March 22, 2020, defendant Ferguson again sexually harassed Plaintiff, this time by rubbing up against Plaintiff.

Defendants Selby, Peaden, Gregory, and Tucker violated Plaintiff's due process rights because they knew of the August 26, 2019 sexual harassment but did nothing to prevent the March 22, 2020 sexual harassment.

Defendants CTF Warden Koenig and CTF Associate Warden Hoffman knew of the August 26, 2019 sexual harassment but did nothing to prevent the March 22, 2020 sexual harassment, in that they failed to properly train and supervise defendant Ferguson after the August 2019 sexual harassment, and failed to report the August 2019 sexual harassment to the California Attorney General's office for prosecution. These inactions constituted cruel and unusual punishment and deliberate indifference to inmate safety, both of which are prohibited by the Eighth Amendment. The failure to report the August 2019 sexual harassment to the California Attorney General's office also constituted negligence because it was a breach of the duty of care that defendant Koenig owed to Plaintiff.

**C.     Legal Claims**

The amended complaint states a cognizable Eighth Amendment claim and a cognizable state law claim for sexual harassment and battery against defendant Ferguson for his sexual harassment of Plaintiff on August 26, 2019 and on March 22, 2020. "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d

1130, 1144 (9th Cir. 2020).

The amended complaint fails to state cognizable claims against the remaining defendants because Plaintiff has failed to provide factual allegations sufficient to raise a right to relief above the speculative level.

Plaintiff has provided no factual allegations regarding defendants Selby, Peaden, Gregory, and Tucker's actions (or inactions). He merely states conclusorily that these defendants knew of the August 2019 sexual harassment and failed to prevent the March 2020 sexual harassment. There are no facts alleged from which it can be reasonably inferred that defendants Selby, Peaden, Gregory, and Tucker were aware that defendant Ferguson would again sexually harass Plaintiff in March 2020. The allegation that defendant Ferguson was unpredictable and it is unclear what defendant Ferguson would do is insufficient to state a constitutional claim against defendants McGallon and Tucker for failing to allow Plaintiff to receive meals in his cell for the 23-day period where he allegedly did not receive nutritionally balanced meals. Defendants McGallon and Tucker cannot be held liable under the Eighth Amendment for Plaintiff going without fully balanced nutritional meals unless defendants McGallon and Tucker were aware of facts from which the inference could be drawn that Plaintiff was at substantial risk of serious harm if he obtained his meals in person, and drew that conclusion.

Plaintiff's conclusory allegations against defendants Koenig and Hoffman are also insufficient to raise a right to relief above the speculative level. Plaintiff primarily repeats the elements of the claim without alleging specific facts from which it can be reasonably inferred that defendants Koenig and Hoffman violated his constitutional rights or were negligent. The failure to report the August 2019 sexual harassment to the California Attorney General fails to state a cognizable negligence claim because this failure was neither the proximate nor legal cause of the March 2020 sexual harassment. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996) (under California law, "[t]he elements of a cause of action for negligence are . . . (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."). It cannot be reasonably inferred that the California Attorney General would have prosecuted defendant Ferguson or otherwise prevented defendant Ferguson from

committing the March 2020 sexual harassment.

Plaintiff has not made any legal claims against defendant Miller. Assuming arguendo that Plaintiff is also alleging that defendant Miller knew of the August 2019 sexual harassment and failed to prevent the March 2020 sexual harassment (the same claim brought against the other defendants), the alleged failure to conduct the specific psychological examination deemed adequate by Plaintiff (i.e. asking questions regarding childhood sexual abuse, testing for immediate psychological trauma) would not have prevented the March 2020 sexual harassment.

Because the amended complaint has failed to cure the deficiencies in the claims against Defendants Selby, Peaden, Gregory, Tucker, Koenig, Hoffman, and Miller, these defendants are DISMISSED from this action with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). (district court may exercise discretion under Fed. R. Civ. P. to deny leave to amend where *inter alia* there is repeated failure to cure deficiencies by amendments previously allowed); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Liberally construed, the amended complaint states a cognizable Eighth Amendment claim and a cognizable state law claim for sexual harassment and battery against defendant Ferguson for his alleged sexual harassment on Plaintiff on August 26, 2019 and on March 22, 2020. The Court has already ordered service on defendant Ferguson in its September 28, 2020 screening order (Dkt. No. 8).

2. Defendants Koenig, Hoffman, Selby, Gregory, Tucker, Peaden, and Miller are DISMISSED from this action with prejudice.

3. The Court resets the briefing schedule as follows.

   a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the

Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.

      c.      Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

**IT IS SO ORDERED.**

Dated: 1/14/20201

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).