UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. ANDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. FERGUSON,<br><br>        Defendant. | Case No. 20-cv-04368-HSG<br><br>**ORDER DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 35 |

Plaintiff, an inmate at California Men's Colony, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Correctional Training Facility ("CTF") supervising cook Ferguson, regarding incidents that occurred while he was housed at CTF. On March 14, 2022, the Court granted defendant Ferguson's motion to dismiss and granted in part and denied in part defendant Ferguson's summary judgment motion. Specifically, the Court dismissed the state law claims with prejudice; granted summary judgment for failure to exhaust administrative remedies with respect to the Eighth Amendment claim arising out of the March 20, 2020 incident and dismissed this claim without prejudice for failure to exhaust administrative remedies; and denied defendant Ferguson's motion for summary judgment with respect to the Eighth Amendment claim arising out of the August 26, 2019 incident. Dkt. No. 39. The Court referred this action to the Pro Se Prisoner Mediation Program for settlement proceedings. *Id.* A settlement conference is set for June 1, 2022. Dkt. No. 41.

In opposing defendant Ferguson's summary judgment motion, Plaintiff filed a pleading titled "Motion to Cross-Move for Summary Judgment," Dkt. No. 35, stating that he wished to cross-move for summary judgment as to Defendants' liability for damages for denial of Plaintiff's due process rights. The Court DENIES this motion for the following reasons.

First, there is no due process claim in the operative complaint – the amended complaint, docketed at Dkt. No. 14 – and there is only one defendant remaining in this action, defendant Ferguson. *See* Dkt. No. 14, 17. In screening the operative complaint, the Court found that the operative complaint only stated a cognizable Eighth Amendment claim and cognizable state law claims for sexual harassment and battery against defendant Ferguson for his actions on August 26, 2019 and March 22, 2020. Dkt. No. 17. The due process claim alleged in the operative complaint against defendants Selby, Peaden, Gregory and Tucker was dismissed as too conclusory to raise a right to relief above the speculative level. Dkt. No. 17 at 4.

Second, to the extent that Plaintiff seeks summary judgment on the Eighth Amendment and state law claims of sexual harassment and battery, the motion is DENIED as moot. The Court has dismissed the state law claims because Plaintiff did not comply with the California Government Claims Act's filing requirements; dismissed the Eighth Amendment claim arising out of the March 22, 2020 incident because Plaintiff has not demonstrated that he has complied with the Prison Litigation Reform Act's exhaustion requirement; and denied summary judgment with respect to the August 26, 2019 incident. In other words, Plaintiff is not entitled to summary judgment with respect to the state law claims and to the Eighth Amendment claim arising out of the March 22, 2020 incident, and a triable issue of fact remains with respect to the Eighth Amendment claim arising out of the August 26, 2019 incident.

The Court therefore DENIES Plaintiff's cross-motion for summary judgment. Dkt. No. 35. This order terminates Dkt. No. 35.

**IT IS SO ORDERED.**

Dated: 5/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge